MAT LOGAN v. THE STATE.

No. 10675.   Delivered April 20, 1927.

Rehearing denied June 22, 1927.

Second rehearing denied November 15, 1927.

1.—Possessing Intoxicating Liquor—Summoning Jury—After Expiration of Jury Weeks—Held Proper.

Where the trial court, after the expiration of the weeks in which juries had been selected by the jury commission, set appellant's case down

for trial, and ordered the sheriff to 'summon a jury, which was done, the procedure was proper, no injury to appellant being shown. See Art. 640, C. C. P., 1925.

### 2.—Same—Summoning Jury—Sheriff, Held Not Disqualified.

The fact that the sheriff, who summoned the jury which tried appellant, was a witness in the case, would not disqualify him from summoning the jury, no injury to appellant being shown. The burden to show injury was upon appellant, and his mere assertion of injury was not 'sufficient to establish it.

### 3.—Same—Search and Seizure—No Warrant Necessary.

Where officers saw appellant approaching his automobile carrying a half-gallon fruit jar full of whiskey, and on discovering the officers, appellant fled, and was pursued, and together with the whiskey was taken into custody, no search warrant was necessary to justify this seizure.

### 4.—Same—Arrest Without Warrant—Rule Stated.

Any person who violates a criminal statute in the presence of an officer, is subject to arrest without warrant, and may be lawfully searched, after his arrest.

### 5.—Same — Affidavit for Warrant — To Search Private Residence — Held Sufficient.

Where an affidavit for a search warrant to search a private residence was sworn to by two credible persons, and set forth facts in said affidavit which showed probable cause, same was sufficient, and evidence secured through said search was properly received.

### 6.—Same—Evidence—Of Other Whiskey—Properly Received.

The burden of proof being on the state to establish that the possession of the whiskey was for the purpose of sale, it was proper to permit the state to prove a search of appellant's residence, and the finding of a quantity of liquor therein, subsequent to his arrest, this testimony being pertinent to the issue of the purpose of appellant's possession.

### ON REHEARING.

### 7.—Same—Continued.

On rehearing, appellant insists that the affidavit for the search warrant in this case is insufficient because it fails to aver that the residence was a place where intoxicating liquor was sold in violation of law. The affidavit does aver that appellant was engaged in the unlawful sale of intoxicating liquor, in said residence. This was sufficient.

### 8.—Same—Sufficiency of Evidence—Determined by Jury.

Where appellant urges that the evidence does not establish that his possession of the liquor found in his possession was for the purpose of sale, and this issue has been fairly submitted to the jury, we do not feel warranted in disturbing their determination of the matter.

### ON SECOND MOTION FOR REHEARING.

### 9.—Same—Affidavit for Search Warrant—Held Sufficient.

Where an affidavit for a search warrant to search a private residence states the facts upon which the affiants found their belief, which facts were

deemed by the magistrate who issued the search warrant to be sufficient to show probable cause, the search warrant issued upon said affidavit was not invalid.

Appeal from the District Court of Franklin County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*R. T. Wilkinson, Jr.* of Mount Vernon, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

It has been a pleasure to examine the well written brief of appellant, and we only regret that we cannot agree with the conclusions reached therein. The bill of exceptions taken to the refusal to postpone or continue this case, in order that appellant might be tried before a jury drawn by a jury commission, makes no sufficient showing of injury to call for review at our hands. The facts stated in the qualification to said bill are not controverted, viz.: that the indictment herein was returned and the case set down for trial after the expiration of the weeks of the term for which juries had been drawn by the regular jury commission. In such case Art. 640, 1925 C. C. P., provides that the court shall order the sheriff to summon a jury to try the case. This is what was done in the instant case. Green v. State, 53 Tex. Crim. Rep. 490; Taylor v. State, 221 S. W. 611.

The fact that the sheriff is a witness in any case standing for trial will not alone furnish sufficient reasons for concluding that a jury summoned by him is therefore unfair, and that its members cannot fairly try a case in which the sheriff is a witness. He who asserts injustice in any particular matter must go beyond mere assertion. He must present some supporting facts. None here appear.

The testimony shows that the sheriff observed appellant leave Mount Vernon in a car with another party; that he followed them in his car; that he found their car in front of a barn located some three hundred yards from appellant's house, the barn being on the land of a Mr. Kennedy. Weatherford, the

party with appellant, was coming to the car from said barn. The officer drove around to where he could see behind said barn and saw appellant approaching same from the direction of what the officer called "a little patch," appellant having in his hands a half-gallon jar full of whiskey. When appellant saw the officer he started to run and disappeared. The officer jumped out of his car and ran around behind the barn and saw appellant running down a cotton row. ·He pursued. Appellant threw the half-gallon jar of whiskey down but it failed to break. The officer gained on him. Appellant picked up the jar and threw it at a tree and again it was not broken, and the officer captured it. Appellant took to his heels. This all occurred a little before sundown.

The officer went back to town and had a couple of people make affidavit before a magistrate upon which a search warrant was issued, armed with which the sheriff went back to appellant's house and watched it all during the night. About daylight he went into the house and found three bottles of whiskey and five bottles of home brew.

Appellant defended upon the theory that he went out to the barn with Weatherford for the purpose of trading some livestock and that as he was walking up behind the barn he observed the half-gallon jar of whiskey in the grass. He said he picked it up, intending to hide it and drink it himself, but observing the officer he tried to break it, fearing that it would be evidence against him. Interrogated as to the whiskey found in the house, he said that some three weeks ago that some parties came by and got a meal at his house and gave him some whiskey in fruit jars. In one place he said his wife emptied it into the bottles in which it was found, and in another place he stated he emptied it into the bottles. He said they had it for medicinal purposes, but did not testify to its use for such purpose. He said he knew nothing about the home brew, and that someone must have left it at his house without his knowledge.

Under these facts, the acts of the officer relative to his finding appellant in possession of a fruit jar containing a half gallon of whiskey, when he saw him behind the barn, not far from his home and that the latter fled, were not such as to have required the authority of a search warrant. Any person who violates a criminal statute in the presence of an officer is subject to arrest without warrant, and may be lawfully searched; but what was seen and testified to by the officer near the barn in the instant case, was not seen as a result of any arrest or search. The officer was simply in the road and then in the field and saw

appellant having in his possession and trying to destroy a half-gallon fruit jar of whiskey. Objection was made to the testimony of the officer as to what was found at appellant's private residence, the ground of the objection being that the affidavit for the search warrant to search said private residence was not in conformity with the requirements of the law. The members of this court are not in accord with each other as to what such requirements are, but are not in disagreement when the affidavit is signed and sworn to by two parties deemed credible by the magistrate, and when such affidavit sets out facts which are deemed by the magistrate to amount to probable cause. The affidavit in this case was made by two affiants and sets out the facts upon which they based their belief. It is stated that the ground for their belief is that at a prior time while Sheriff Campbell was watching appellant's said residence, the latter was seen attempting to deliver what Mr. Campbell took to be whiskey to another party. We think the attack on the affidavit not sound.

We do not think the testimony of what was found at appellant's residence by the search, open to the objection that it was proof of a separate and disconnected offense. The finding in appellant's possession of the half-gallon of whiskey was at a place a few hundred yards from the appellant's house, at which latter place the officer found by search within twelve hours afterward a quantity of other intoxicating liquor. The larger the quantity of liquor found in possession of one accused of so possessing it for the purpose of sale, the stronger the inference that he had it for the unlawful purpose of sale. The latter being one of the issues in this case, we do not think it was necessary to limit the purpose for which this testimony was admitted, it being directly pertinent to one of the issues, the establishment of which rested upon the state.

We are unable to agree that the exceptions to the charge of the court are meritorious. The numerous citation of authorities in the able brief of appellant can all be distinguished from the propositions in support of which same are cited.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing, setting forth his belief that we erred in our affirm-

ance for the reason that the facts stated in the affidavit for search warrant were not sufficient to justify the issuance of such warrant; and further, that said affidavit failed to show the private residence of appellant to be a place where intoxicating liquor was made or sold in violation of law, and hence the warrant issued contrary to the provisions of Art. 691, P. C. Other objections were made but are not argued.

The affidavit for search warrant in this case states that the affiants have good reason to believe and do believe that Mat Logan is engaged in the unlawful sale of intoxicating liquor in his residence, situated, etc., etc.; that the basis for their affidavit and belief is that he was seen by the sheriff, while previously watching said residence, attempting to deliver to another party what was supposed to be intoxicating liquor. The jurat to this affidavit was in the usual form, "Sworn to and subscribed before me this the 11th day of September, 1926. C. S. Yates, J. P., Precinct No. 1, Franklin County, Texas." Examination of the affidavit shows that it contains the statement that appellant is engaged in the unlawful sale of intoxicating liquors in his residence. This we think sufficient. Said affidavit also states that it is sought upon the fact that the sheriff had previously seen appellant attempting to deliver at his residence liquor deemed intoxicating. We are not prepared to say that this recitation of facts is not sufficient to justify the magistrate, or that same did not amount to the probable cause required by our Constitution, and which is defined in Landa v. Obert, 45 Texas, 539, as a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.

We are not inclined to agree with appellant's proposition that the facts in this case do not sufficiently support the verdict. Appellant was unquestionably in possession of a quantity of liquor. He was seen with it in his possession and tried to make his escape with same, as set forth in our original opinion. The only question seemingly in any doubt, under the testimony, would be whether he possessed it for the purpose of sale. This fact the jury has resolved against him.

The motion for rehearing will be overruled.    *Overruled.*

## ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The application to file a second motion for rehearing is refused.

The affidavit upon which the search warrant in the present case is not based on belief and undisclosed information, but states the facts upon which the affiants found their belief, which facts were deemed by the magistrate who issued the warrant to be sufficient to show probable cause, and the search warrant issued upon such cause was not invalid.

*Overruled.*