INCARNACION GARZA DE AGUIRRE V. THE STATE.

No. 11610.   Delivered May 9, 1928.

1.—Possessing Intoxicating Liquor—Affidavit for Search Warrant—Upon Information and Belief—Insufficient.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, a search made by an officer of appellant's premises under a search warrant issued solely on an affidavit upon information and belief, setting out no facts upon which the information is based, was unlawful, and evidence secured as a result of said search was inadmissible against appellant upon her trial. See Chapin v. State, 296 S. W. 1097, and Art. 727a, C. C. P., 1925.

2.—Same—Description of Property—Not Sufficient.

Where the property to be searched was described in the affidavit and search warrant as "A certain dwelling house on the property of James Mills, on Section 19, in the George H. Pane subdivision of the Coleman Fulton Pasture Company's lands, occupied by a certain Mexican whose true name to affiant is unknown," was insufficient.

3.—Same—Continued.

Both by statute and precedents it is contemplated that the place to be searched shall be described with some degree of certainty. See Art. 691, P. C. of 1925; also Title 6, C. C. P. of 1925; Dupree v. State, 102 Tex. Crim. Rep. 455.

4.—Same—Name of Person—Whose Premises Are to Be Searched—Rule Stated.

The affidavit for the search warrant should state the name of the person, or if the name be unknown, it should give such description to the officer executing the warrant as will guide him in identifying the person whose premises it is intended he shall search. See Alford v. State, 8 Tex. Crim. App. 561; Title 6, C. C. P., supra.

5.—Same—Consent to Search—Not Shown.

Where an officer went to appellant's house, and told her that he had a search warrant and would like to search her place for whiskey, and she said "All right, go ahead." Consent to the search will not be inferred from such circumstances. See Dixon v. State, 2 S. W. (2nd) 272; Hall v. State, 288 S. W. 202.

6.—Same—"Probable Cause"—Held Detrimental—Rule Stated.

Whether there was probable cause to issue the warrant is to be determined from the face of the affidavit and not from evidence aliunde. See McLellan v. State, 3 S. W. (2nd) 447.

Appeal from the District Court of San Patricio County.   Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*J. H. Schleyer* of New Braunfels, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

The state's testimony comes from an officer who testified that he found whiskey in a room occupied by the appellant. He purported to have acted under a search warrant issued solely on an affidavit upon information and belief, setting out no facts upon which the information is based, and reading in part as follows:

"A certain dwelling house on the property of James Miller, on Section 19, in the George H. Paul subdivision of the Coleman Fulton Pasture Company's lands, occupied by a certain Mexican whose true name to affiants is unknown."

The warrant follows the affidavit and is deficient in the essential requisites of a search warrant based upon an affidavit showing probable cause as required by Art. 1, Sec. 9, of the Bill of Rights, as construed in many judicial decisions. See Chapin v. State, 296 S. W. 1097.

The description of both the person and the premises is vague. We gather from the evidence that on the premises were several houses divided into compartments designed for the use of laborers upon the estate. The particular house which was searched under the warrant contained twelve rooms. Each of them were separate apartments, and one of them was occupied by the appellant and three other persons; and the others by various persons, all cotton pickers. It appears that the appellant was a woman, a fact not disclosed by either the affidavit or the warrant. Inasmuch as the search warrant was not supported by the affidavit exhibiting any fact or information purporting to show probable cause, a detailed discussion of the other defects mentioned will be omitted. It will be stated, however, that both by statute and precedents it is contemplated that the place shall be described with some degree of certainty. See Art. 691, P. C., 1925; also Title 6, C. C. P., 1925; Dupree v. State, 102 Texas Rep. 455. So, also, the affidavit should state the name of the person, or if the name be unknown, it should give such description to the officer executing the warrant as will

guide him in identifying the person whose premises it is intended he shall search. See Alford v. State, 8 Tex. Crim. App. 561; Title 6, C. C. P., supra.

From the officer's testimony it appears that he told the appellant that he had a search warrant and would like to search her place for whiskey, and that she said: "All right; go ahead." Consent to the search will not be inferred from the circumstances stated. See Dixon v. State, 2 S. W. (2nd) 272; Hall v. State, 288 S. W. 202. Whether there was probable cause to issue the warrant is to be determined from the face of the affidavit and not from evidence aliunde. See McLellan v. State, 3 S. W. (2nd) 447; John Ware (No. 11334), and Doll Bird (No. 11553), not yet reported. The receipt of the testimony showing the result of the search was improper by reason of the statutes of the state. See Art. 727a, C. C. P., 1925.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*