R. E. TILLERY v. THE STATE.

No. 12896.    Delivered January 15, 1930.
Rehearing denied the State February 26, 1930.
Reported in 24 S. W. (2d) 844.

The opinion states the case.

*Ellis, Mays & Rose* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Officers operating under a search warrant found a large quantity of whiskey located in Cottage Camp, Room 11, on Sixth Street in the City of Amarillo. The return on the search warrant is to the effect that the liquor was found in possession of appellant and M. L. Tillery, his wife, both of whom were arrested at the time.

The testimony as to the result of the search was objected to upon many grounds, only one of which we deem necessary to notice.

The affidavit was signed by J. H. Wilson and Allen Johnson. It properly described the place where the liquor was alleged to be sold and manufactured. It contains these averments:

"That unknown parties and other persons to affiants unknown has charge of said house and premises. . . . That unknown parties and other persons to affiants unknown . . . did keep and was interested in keeping the above described house and premises for the purpose of storing, manufacturing, selling, etc., . . . intoxicating liquor." viz.:

"The foregoing statements are based upon the following facts, viz.:

"That affiant, J. H. Wilson says: That he has been in Room No. 11 in said Cottage Camp and has seen red whiskey in said room and that the whiskey was in half gallon fruit jars and that the man's name was unknown to him and that the said unknown man sold him one gallon of whiskey and that the said man told him that he wanted to sell all the whiskey that he had on hand at this time the said unknown man told him that he had about twenty five gallons of whiskey.

"And affiant, Allen Johnson says: That he has been informed by J. H. Wilson that whiskey is kept and sold at the above place and that the said J. H. Wilson bought one gallon of whiskey at the above described place and that he believed that J. H. Wilson is a credible person and the above statement to be true."

The said affidavit asked for the issuance of a search warrant and a warrant to arrest the said "unknown parties and other persons to affiants unknown." The search warrant followed the affidavit in its terms. It is particularly insisted, among many other reasons, that both the Constitution and the statute have been violated in alleging the person to be unknown and in failing in any way to name or describe such person or persons. The proceedings were apparently under Art. 691 of the Penal Code, which authorizes a search of a private residence for intoxicating liquors, which article provides, among other things:

"The application for the issuance of and the execution of any such search warrant, and all proceedings relative thereto, shall conform as near as may be to the provisions of Title 6 of the Code of Criminal Procedure, except where otherwise provided in this title."

Title 6, C. C. P., relates to search warrants. Among its provisions is Art. 316, reading in part as follows:

"A warrant to search a suspected place shall be sufficient if it contain the following requisites:

. . . . . . . . . . . .

"4. That it name the person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate."

The Fourth Amendment to the Constitution of the United States is as follows:

"The right of the. people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Sec. 9 of Art. 1 of our State Constitution is in substance the same.

In referring to this same question, this Court in the case of De Aguirre v. State, 109 Tex. Crim. Rep. 584, says:

"So, also, the affidavit should state the name of the person, or if the name be unknown, it should give such description to the officer executing the warrant as will guide him in identifying the person whose premises it is intended he shall search."

In Alford v. State, 8 Tex. Crim. App. 562, we find the following:

"If the complaint and warrant had specified the accused as a person whose name was unknown, but who, for purposes of convenience, was styled John Smith, and who was the vendor of a certain stolen horse sold to one McCafferty on a certain day, or if a physical description of Alford had been set out, or other reasonably definite description, then the warrant might have been available for the purposes intended. As it was, it was wholly void. . . ."

In the case of United States v. Kaplan, 286 Fed. 968–969, we find the following language:

"If the name of the person be known, it should be so stated, but, if not possible, a description of him should be given. If, however, the property sought is not in the possession of any one, so far as can be ascertained, this should not prevent search and seizure, and it is permissible to recite that the owner of the premises or property is unknown."

The judge delivering the opinion in the above case was discussing a statute somewhat similar to our own.

While cases exist where a search might be legally conducted without naming any person in either the affidavit or search warrant, it is sufficient here to say that such a case is not presented by the facts found in this record. It affirmatively appears both in the face of the affidavit and search warrant herein and the evidence adduced at the trial, that affiants could have, but didn't, describe the person in charge of the premises sought to be searched, for it is alleged in said instruments and is shown on the trial that one of these had shortly before the search purchased whiskey from such person. The description and identity of such person was known when the affidavit in question was made. The issuance of the search warrant was therefore unauthorized and the search illegal because not supported by a proper affidavit and search warrant, they being both violative of the terms of the Constitution and statute quoted. The provisions regulating these matters is unmistakable, and we would be doing violence to the plain mandate of their language to hold otherwise. It follows that the testimony objected to was inadmissible and its reception erroneous.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the State's motion for rehearing it is contended that the evidence fails to show that the premises searched were the private residence of the accused. In the State's testimony the premises were described as a one-room cottage camp, furnished with household goods, beds, stoves, chairs, clothes, hats, women's apparel, etc., showing that the appellant and his wife were present and occupying the premises. There is much testimony to the effect that the premises were the abode of the appellant and his wife and were occupied by them at the time of the search. The necessity for proof that the premises were a private residence is not perceived. Even if that were necessary, it is thought that the demand was met by the evidence. See Hipp v. State, 45 Tex. Cr. R. 200, 75 S. W. 28, 62 L. R. A., 973; Hooper v. State, 105 S. W. 816; Favro v. State, 39 Tex. Cr. R. 452, 46 S. W. 932; Chapin v. State, 296 S. W. 1096.

The motion is overruled.

*Overruled.*