GEORGE M. NAULLS v. THE STATE.

No. 13167. Delivered March 19, 1930.
Reported in 27 S. W. (2d) 180.

The opinion states the case.

*Earle Adams, Jr.,* of Houston, for appellant.

*O'Brien Stevens,* Cr. Dist. Atty., and *E. T. Branch,* Asst. Cr. Dist. Atty, both of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of mash and still for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

A search of appellant's premises revealed the presence of the articles named in the indictment and the reception of this evidence over objection is the only question presented for review. The ownership of the premises and the name of the accused occur only in the following clause of the affidavit and search warrant:

"A four or five room house, painted brown, trimmed in white, said house being numbered 3314 and located on Richardson Street in the City of Houston, Harris County, Texas, *and being the premises of Parties unknown to affiants* is a place where intoxicating liquors are unlawfully sold and manufactured."

It is claimed that these instruments were insufficient as a basis for the search because each failed to name or describe the defendant or the owner of said premises so searched.

Art. 691, P. C., authorizes the issuance of search warrants under Title 6, C. C. P., to search for and seize intoxicating liquor and provides further:

"The application for the issuance of and the execution of any such search warant, and all proceedings relative thereto, shall conform as near as may be to the provisions of Title 6 of the Code of Criminal Procedure, except where otherwise provided in this title."

Art. 310 of Title 6, C. C. P., in naming the requisites of a sworn complaint as a basis for a search warrant, provides among other things that it shall set forth "the name of the person accused of having stolen or concealed the property; or, if his name be unknown, giving a description of the accused, or stating that the person who stole or concealed the property is unknown."

Construing the various articles of Title 6, C. C. P., one of which we have just quoted, we are of the opinion that the affidavit and search warrant in the instant case were valid, as against the objection urged and that the evidence received showing the result of the search of appellant's premises was admissible. By the express terms of the quoted article the search warrant may be issued when the owner of the premises is unknown. If his name is known, it must be stated, but if unknown and his identity known, he must be described; but when neither his name nor identity is known, he may be described as unknown. In the recent case of Tillery v. State, No. 12896, not yet officially reported, the affidavit, warrant and the record all showed that the name of the party was unknown, but his

identity and description were known and under such facts we held that he could not be described as an unknown party. In that case there was a general allegation that the party was unknown, but the special allegations in the affidavit and search warrant disclosed that he was in fact known and could be described. In this case there is no such showing. The distinction between that and the instant case arises by virtue of the provisions of the various articles of Title 6, C. C. P., interpreted in the light of the following provisions of the Texas and United States Constitutions:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Art. 4, amendment to the Constitution of the United States.

"No warrant to search any place or to seize any person or thing shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Art. 1, Sec. 9, Constitution of Texas.

Under these provisions if a person or place is to be searched or a person arrested, there must be a description of such place and of the person if his name is unknown. But this does not prevent the Legislature of a State from prescribing other additional requisites of an affidavit and search warrant as the basis for a search of a known place and this it has done in Texas by specifically requiring that the name of the person, if known, must be stated and if unknown, he must be described "or stating that the person who stole or concealed the property is unknown." In this case the description of the premises is deemed fully sufficient and the requisites of the statute are complied with by the allegation that he was unknown.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.