W. H. DENZLINGER v. THE STATE.

No. 13327. Delivered May 14, 1930.

Reported in 28 S. W. (2d) 160.

The opinion states the case.

*James A. Harrison* of Beaumont, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The testimony of the State was obtained through·a search warrant obtained on an affidavit, the essential parts of which are as follows:

"That on the said 21 day of June, A. D., 1929, the said parties whose names are unknown to affiants was then and there, and is now, before the making and filing of this affidavit in writing, unlawfully manufacturing, keeping and possessing for the purpose of sale, and selling in the said place and premises, intoxicating liquors.

"That the said parties whose names are unknown to affiant in the said place and premises, was then and there and is now keeping and using, in the unlawful manufacture, possession and keeping for the purpose of sale, and sale of the said intoxicating liquors, etc."

\*     \*     \*     \*     \*     \*

"That the facts, circumstances and statements mentioned and set out in this affidavit in writing are, within the knowledge of the affiants, true and correct, and that the affiants obtained their evidence and knowledge of the same as follows, to-wit:

"Reports from reputable neighbors saying that they have observed on several different occasions persons going into said house sober and coming out of said house in a state of intoxication."

The affidavit is attacked upon several grounds, first: that the persons designated as *unknown are not described* in the affidavit; second, that the recitals in the affidavit showing probable cause are based upon information and belief and are thereby rendered inadequate.

The part of the affidavit which states facts showing probable cause is deemed sufficient. The subject has been discussed in Villereal v. State, 21 S. W. (2d) 739; Ruhmann v. State, 22 S. W. (2d) 1069; Smith v. State, 23 S. W. (2d) 387; Smith v. State, 24 S. W. (2d) 1095; Ware v. State, 7 S. W. (2d) 551; Rozner v. State, 3 S. W. (2d) 441; Harris v. State, 15 S. W. (2d) 1048; Logan v. State, 108 Tex. Cr. R. 125.

In failing to describe the possessors of the premises searched and whose names are alleged to have been unknown, the affidavit is faulty. In Art. 310, C. C. P., speaking of the facts upon which a search warrant may be issued to search a given place, it is said that the name of the person must be stated, "or if his name be unknown, giving a description of the accused, or stating that the person \* \* \* is unknown." In other words, where neither the name nor the description of the person offending is known the affidavit is sufficient in that particular if it describes the place and states that the *offender is unknown.* If, however, it is only the *name* that is *unknown,* it is necessary to give the description. The controlling statutes are discussed in some detail in the opinion of this court in

Naulls v. State, No. 13,167, not yet reported. See also Tillery v. State, 24 S. W. (2d) 844; Anderson v. State, 25 S. W. (2d) 839; De Aguirre v. State, 109 Tex. Cr. R. 584.

By way of impeachment of one of the State's witnesses the appellant introduced before the jury a part of the affidavit for the search warrant. In permitting the State to introduce the remainder of the affidavit, we think no reversible error was shown. See Art. 728, C. C. P., 1925.

The affidavit for the search warrant failing to comply with the constitutional requirements, the evidence obtained by 'means of the warrant issued upon the affidavit was inadmissible under the terms of Art. 727a, C. C. P., 1925.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*