SYLVESTER MONTALBANO v. THE STATE.

No. 13558. Delivered November 26, 1930.
Rehearing denied February 4, 1931.
Reported in 34 S. W. (2d) 1100.

The opinion states the case.

*Winfree & Weslow* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for one year.

The evidence is sufficient to convict of the offense charged. It was given by an officer who acted under a search warrant.

Notice of appeal was given on the 23rd day of November, 1929. The bill of exception appears to have been filed on December 26, 1929. The statute allows no more than thirty days after notice of appeal for filing bills of exception unless the time is extended by an order entered by the trial judge. In the present instance no such order appears. See Art. 760, C. C. P. The bill of exception challenging the legality of the search seems to present no error. The search warrant was verified by the affidavit of two witnesses, and its substance is in accord with Art. 691, P. C., of this state. Some reference is made by the appellant to section 25 of the National Prohibition Act. The form of affidavit prescribed by the Federal Government is not controlling in the State Prohibition Laws. The substance of the two, however, are not materially different. See Cornelius on Search & Seizure, 2nd Ed. p. 452. Art. 727a, C. C. P., as amended by the Acts of the 41st Leg., 2nd Called Session, renders inadmissible evidence obtained by any officer or other person in violation of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—If, upon the showing of diligence now made, appellant's single bill of exception be considered; and if it be conceded that in 1927 when this indictment was returned, there was a direction in a Federal procedure statute to the effect that in cases where search warrants were issued for searches by Federal officers the warrant should contain certain things not in the warrant in the instant case, and not commanded to be in such warrants by the laws of this State,—it would still be true that we are not bound by rules applicable in matters of procedure in Federal cases, and it would also be true that prior to the time of this trial Art 727a, C. C. P. was amended so as to no longer require rejection of evidence obtained in violation of laws of the United States. There is no claim that the evidence was obtained in violation of any law of this State. That such amending law relating solely to a question of procedure is not retroactive see Mrous v. State, 31 Texas Crim. Rep. 597; James v. State, 72 Texas Crim. Rep. 459; Odenthal v. State, 106 Texas Crim. Rep. 17.

The appellant's motion for rehearing will be overruled.

*Overruled.*