## SAM SIRAGUSA V. THE STATE.

No. 15270.  Delivered October 5, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 107.

The opinion states the case.

*James A. Harrison,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, one year in the penitentiary.

We find in the record four bills of exception. The first complained of the reception of testimony showing appellant in possession of intoxicating liquor, on the ground that the affidavit upon which the search warrant was based was insufficient, in that it stated that the premises were occupied and used by

"parties unknown to affiants." It is insisted that the averment should have been that the names of the parties were unknown, if such was the fact, and, if their names were unknown, then, it should have been stated that a description of such persons could not be given. An affidavit similar in this regard to the one under discussion was held sufficient in Naulls v. State, 115 Texas Crim. Rep., 44, 27 S. W. (2d) 180, and this was approved in Denzlinger v. State, 116 Texas Crim. Rep., 158, 28 S. W. (2d) 160. We can not uphold appellant's contention.

Nor do we think the affidavit defective by reason of the fact that in same, after the positive statement therein that the premises were being used for manufacturing and selling intoxicating liquors, it was further stated that the affiants' knowledge was based on the fact that reputable people had made to them complaints and reports that intoxicating liquors were kept and sold on said premises. A positive averment of either the manufacture or the sale of intoxicating liquors upon homestead premises would be sufficient to justify the issuance of search warrant. We see no reason for discussing the proposition that the warrant was defective because it went further than to direct search for liquors being sold.

We see no reasonable ground for objection to the testimony of the searching officer that before he went to the place he had procured a search warrant. The search warrant was not before the jury, nor was the officer asked anything as to the contents thereof.

Bill of exception No. 4 shows that the state asked appellant's wife on cross-examination if she did not know that appellant was convicted in the federal court for selling whisky and served a term in jail. Upon objection by appellant, the question was changed, and witness was asked if she did not know appellant was convicted and served a term in jail for selling whisky. If any objection was made to her answer to this question, it is not set out. The bill of exception shows that, when asked this last question, she said, "When was that?" and was informed that it was in 1928, whereupon she replied that she did not know appellant in 1928. We see no reversible error in this, but note that, when the witnes was turned back to appellant's counsel for re-direct examination, she testified, in response to his question, that appellant was convicted of some liquor charge and got a seventy-five day sentence. We also note that appellant's wife testified that the liquor was found by the officers on the premises.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to a question which arises because the search warrant was executed at night. It appears from bill of exception number two that, when the state tendered testimony of the searching officer, appellant objected upon the ground that the search warrant was void; the third ground of such claim being, as stated in the bill, that "said search warrant was executed at night about eleven o'clock p. m., and does not authorize a search to be made of said premises." In connection with said objection, it is certified in the bill and borne out by the statement of facts, that the search was made about eleven o'clock at night. It is rather difficult to determine from the bill whether appellant was urging that the warrant was void because it omitted express authority directing the officer to execute it at night, or whether he was opposing the admission of evidence because in fact the warrant was executed at night without express authority in the warrant directing that it might be executed at that time. In either event, we think appellant's contention can not be sustained. The holdings of other courts turn upon the statutory provisions in the different jurisdictions. In some of them the execution of a search warrant at night is by statute expressly prohibited, unless direct authority to so execute it has been granted by the issuing magistrate, evidenced by such recital in the warrant. Many authorities both state and federal will be found collated in the notes under texts appearing in Ruling Case Law, vol. 24, page 708, and 709; Corpus Juris, vol. 56, sec. 159, page 1240; Cornelius on Search and Seizure (2d Ed.), sec. 229, page 535.

Our own statute upon the subject provides as follows:

Article 317, C. C. P., reads: "Any peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. It must be executed within three days from the time of its issuance, and shall be executed within a shorter period if so directed in the warrant by the magistrate."

Article 318, C. C. P., reads: "The time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution."

Article 319, C. C. P., reads: "The officer shall, upon going

to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of his purpose to the person who has charge of, or is an inmate of, the place, or who has possession of the property described in the warrant."

It will be observed that in our statutes there is found no such limitation or restriction as appears in other jurisdictions where there would be some basis for the objection urged by appellant, but, in the absence of such limitation or restriction in our statute, we find no support for the objection urged.

It appears from the case of Montalbano v. State, 116 Texas Crim. Rep., 242, 34 S. W. (2d) 1100, as reported, that accused was complaining that the search warrant was invalid because it did not contain certain things which it was claimed were required to be in warrants issued out of federal courts. It was held, if such things omitted were not commanded to be in such warrants by the laws of this state, the warrant could not for such omission be attacked, but no statement is found in the opinion naming the things which were omitted. An examination of the original record in Montalbano's case reveals that one ground of attack made upon the search warrant was that it did not include a direction in the same to the officer executing it telling him whether to serve said warrant in the day time or night time. So, when the exact point then before the court is made clear, the case mentioned is direct authority against appellant's contention on the question under discussion.

We think there is no basis for appellant's contention that he was entitled to a charge on circumstantial evidence. On direct examination, the officer making the search testified as follows: "I spoke to Sam, told him I had a search warrant for his place. He said, 'All right,' and he got up and started walking through the front part of the house, through an open door there. I asked him if he had any whisky there. He said, 'Some' or 'a little bit,' and we got to the door looking in the room. There was a big sack setting right by the door, tow sack, I believe, with five-gallon glass jugs of whisky in new paper sacks. We continued our search of that room. Meantime, Mr. Swanzy came in from the back, and we found a gallon jug in a new paper bag in the closet, found six gallons altogether. There were five gallons of whisky in new paper sacks in his house in a tow sack, I think, some kind of heavy sack. Each one of these jugs was in a new paper sack."

On cross-examination the officer said: "At the time we went there with this search warrant and were admitted, Mr.

Siragusa was sitting in the front room. He had his baby in his arms, sitting there with his baby. I told him I had a search warrant and began to search. He told me he had a little whisky there about the same time I saw those sacks. We were standing right in the door and I saw a sack and he said, 'I have got some whisky,' I don't know whether he said 'some' or 'a little,' one or the other. Then I went in and examined these sacks and it was whisky, five gallons in a sack and one in a closet."

It seems clear from the officer's testimony that appellant himself led the way to the room where the whisky was found, and that he had reference to that whisky in answering the officer's question. The mere fact that the room in which the whisky was found may have been occupied by a brother who was living there with appellant would not, under the circumstances, we think, raise an issue of whether appellant possessed the whisky. There was no claim made by appellant at the time of the search nor at the trial that the whisky belonged to appellant's brother, save as such issue might have been barely hinted at from the fact that it was found in the room occupied by the brother.

We think the questions of law considered in the original opinion were properly decided.

The motion for rehearing is overruled.

*Overruled.*