HERMAN HOPPE V. THE STATE.

No. 15324. Delivered November 23, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1053.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The indictment contained three counts. The first count charged the appellant with unlawfully possessing intoxicating liquor for the purpose of sale; the second count charged the appellant with the unlawful possession of certain still, mash, materials, equipment and supplies for the manufacture of liquor capable of producing intoxication; the third count charged the appellant with the unlawful manufacture of intoxicating liquor. All of the counts were submitted to the jury in the court's charge and the jury found the appellant guilty as charged in the third count in the indictment.

Peace officers armed with a search warrant authorizing them to search certain premises alleged to be occupied by an unknown party went to the place and saw appellant and a companion engaged in carrying what was afterwards ascertained to be a 10 gallon keg of whisky and burying it in the ground some distance from the house. The officers were unable immediately to get on the premises and after making their way to the premises, the appellant and the party with him fled and the officers gave chase, finally overtaking appellant and his companion, whereupon appellant exclaimed: "It is mine; I am caught; I had to make a living for my wife and kids." The officer further testified that there was a three room house with tar paper on it and a garage with a shed on the east end of the

442

premises. He further testified that in the shed adjoining the garage he found six barrels of mash, 15 gallons of whisky, about a one hundred gallon still in operation, and there was 15 gallons of whisky in the shed, 10 gallons out some 75 or 80 steps from the house, and there was also about three gallons in a 10-gallon crock in the shed under the spout of the still, and about two gallons in a 50-gallon barrel. He further testified that the edge of the garage was about 40 feet from the house and the shed was on the far end of the garage about 60 or 65 feet from the house. The officer further testified that he did not make any search of the residence on the premises.

The receipt of the evidence by the officers was attacked on the grounds: First, because although the affidavit upon which the search warrant was issued purports to be the positive knowledge of the officer and not to be based simply upon probable cause, the affidavit does not attempt to allege the positive existence of one single fact which would justify the issuance of a search warrant in this case, but alleges in the alternative a number of supposed facts, some of which not being penalized by statute and not being within the provisions of article 691 of the Penal Code; second, because the affidavit in utter disregard of the provisions of title 6 of the Code of Criminal Procedure, does not contain either the name of the owner of the premises to be searched or any description of such owner; third, because the description contained in the search warrant is wholly insufficient to locate the premises to be searched and to justify any search thereof.

The affidavit for the search warrant is as follows:

"Before me, Jim D. Miller, a Justice of the Peace in and for said County, on this day personally appeared Burt M. Bryan, and Jack Givins, who after being by me duly sworn, on oath, depose and say: that parties unknown was, on the 15th day of November, A. D. 1931, in charge of a certain place, building and structure, in said county and state, situated on premises described as follows, to-wit:

"A three room tar paper covered house and a garage just east of house ¼ mile north of Bear Creek bridge on Borger-Pampa road and just west of Bear Creek and is therein engaged in the unlawful possession of intoxicating liquors, which is kept, sold bartered or given away, or manufactured for transportation to or from said house, place, or building on said premises, in violation of law; also that there is other certain property, containers, utensils and instrumentalities kept in and used in maintaining said house and premises in violation of law, to-

wit: bottles, jars, jugs, containers, etc., said instrumentalities to be used in connection with and for the purpose of storing, manufacturing, selling, transporting, receiving and delivering, or giving away intoxicating liquors, said liquors being whiskey, wine, beer, brew or other liquors capable to produce intoxication, and the keeping of same for possession or sale, as aforesaid is a common and public nuisance and a violation of the law."

In article 691, P. C., 1925, it is declared that a search warrant may be issued for the purpose of seizing and destroying any intoxicating liquor possessed or sold or to be sold, transported, and manufactured in violation of the law and for seizing and destroying instrumentalities for the manufacture, transportation, and sale of such liquor. It is nowhere alleged in the affidavit for the search warrant that the premises for which the search warrant was asked was a private residence of anyone. If it had contained such an allegation that the place sought to be searched was a private residence, the affidavit would be clearly insufficient to warrant the issuance of a search warrant thereon. While the affidavit in this case is inaptly drawn, nevertheless it contains allegations to the effect that the persons in charge of said premises were therein engaged in the unlawful possession of intoxicating liquor which is kept, sold, bartered or given away or manufactured for transportation to and from said house, place, or building on said premises. These allegations under article 691 of the Penal Code were sufficient to authorize the issuance of the search warrant in the absence of any allegation alleging the premises were a private residence. There is no evidence appearing in the record that the garage or shed which was searched and where the still and whisky were found was in any manner used or occupied by the appellant or any other person as part of his residence. In fact, the proof showed that it was used and occupied solely for the purpose of manufacturing intoxicating liquor. It is, therefore, under the decision of this court, not within the curtilage of the appellant and for that reason the trial court did not err in receiving in evidence the testimony offered. See Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350; Worth v. State, 111 Texas Crim. Rep., 288, 12 S. W. (2d) 582; Ruhmann v. State, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069; McTyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49.

In this case, so far as the record discloses, there is nothing showing that the party or parties alleged to be in possession or

using said premises was in fact known or could be described. In the case of Naulls v. State, 115 Texas Crim. Rep., 44, 27 S. W. (2d) 180, where the contention was made that the affidavit for the search warrant was insufficient as the basis for the search warrant because it failed to name or describe the defendant or the owner of said premises so searched, after citing article 691, P. C., authorizing the issuance of a search warrant under title 6, C. C. P., and also article 310, title 6, C. C. P., this court used the following language in an opinion by Judge Martin: "Construing the various articles of title 6, Code Crim. Proc., one of which we have just quoted, we are of the opinion that the affidavit and search warrant in the instant case were valid, as against the objection urged, and that the evidence received showing the result of the search of appellant's premises was admissible. By the express terms of the quoted article a search warrant may be issued when the owner of the premises is unknown. If his name is known, it must be stated, but, if unknown and his identity known, he must be described; but, when neither his name or identity is known, he may be described as unknown."

The objection is also made that the description contained in the affidavit for the search warrant was wholly insufficient to locate the premises to be searched and to justify any search thereof. The warrant described the premises to be searched as "a three room house covered with tar paper and a garage just east of said house, ¼ mile north of Bear Creek bridge on Borger-Pampa road and just east of Bear Creek." We are of the opinion that the description of the premises was sufficiently definite to enable the officers to locate and distinguish the premises to be searched from other places in the community. See Wilson v. State, 106 Texas Crim. Rep., 75, 290 S. W., 1103; Storey v. State, 107 Texas Crim. Rep., 266, 296 S. W., 296; Hernandez v. State, 109 Texas Crim. Rep., 246, 4 S. W. (2d) 82.

Being unable to agree with appellant's contentions, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing, counsel for the appellant reiterates the contention made on the original hearing, namely, that the affidavit for the search

warrant was insufficient to warrant the search and the reception of the evidence of the result of the search. Our review of the matter leaves us of the opinion that the conclusion reached and stated in the original opinion reflects the proper disposition of the points in question.

In the amended motion for new trial are averments claiming that the jury in its deliberations made remarks indicating that the failure of the appellant to testify in his own behalf was considered as a circumstance against him, contrary to article 710, C. C. P., 1925. The testimony of the jurors touching the occurrence during their deliberation is not brought up for review. The only evidence found as supporting the averments of the motion is the ex parte affidavit of L. A. Mayer, a member of the jury. There is no bill of exception touching the matter showing the action of the court further than a formal order overruling the motion for new trial. In the order there is a statement that on the hearing of the motion for new trial the court heard evidence. Under such circumstances, the presumption is indulged that the evidence heard by the court justified his action in overruling the point made. The matter has been discussed in numerous cases. See Tindale v. State, 53 S. W. (2d) 66; Sanders v. State, 117 Texas Crim. Rep., 426, 36 S. W. (2d) 1032; Stapler v. State, 120 Texas Crim. Rep., 263, 47 S. W. (2d) 837; Sykes v. State, 109 Texas Crim. Rep., 39; Crouchette v. State, 99 Texas Crim. Rep., 572.

The motion is overruled.

*Overruled.*