J. T. Northam v. The State.

No. 16131.  Delivered November 22, 1933.
Rehearing Denied January 10, 1934.
Reported in 66 S. W. (2d) 692.

The opinion states the case.

E. T. Miller, of Amarillo, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Peace officers armed with a search warrant went to the private residence described in the affidavit and warrant and found therein about one hundred gallons of whisky in various containers.  Appellant was in the house, apparently in control thereof.  The officers did not know him prior to that time, but then learned his name.  At the time of the search he denied ownership of the liquor.  He did not testify on the trial, and no evidence was introduced in his behalf.

Only three bills of exception are brought forward.  In different ways they challenge the sufficiency of the affidavit for the search warrant upon one point only.  After describing the residence sought to be searched it is averred in the affidavit "that persons unknown and other persons to affiants unknown, has charge of said house and premises."  The point was urged

that the affidavit was insufficient because it did not in some way describe the party thought to be in possession of the premises to be searched. There is no averment in the affidavit from which an inference might be drawn that the officers making the affidavit knew the identity of the party in possession of the premises. If they knew the party in question, but did not know his name, then some description of him should be contained in the affidavit, but if neither his name nor identity is known to describe him as "unknown" is sufficient. Article 691, P. C. (1925); article 310, C. C. P.; Naulls v. State, 115 Texas Crim. Rep., 44, 27 S. W. (2d) 180; Tillery v. State, 114 Texas Crim. Rep., 106, 24 S. W. (2d) 844; Denzbinger v. State, 116 Texas Crim. Rep., 158, 28 S. W. (2d) 160.

Believing the bills of exception reflect no error in the ruling of the court regarding the affidavit for search warrant, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that the affidavit for search warrant is insufficient in that it failed to describe the parties therein stated to be unknown to the affiants, and he insists that the case of Denzlinger v. State, 116 Texas Crim. Rep., 158, is authority for holding that there should be such description. Appellant misapprehends the holding in said case in which it is stated that the affidavit for search warrant in that case said that the NAMES of the parties in possession of the premises desired to be searched, were unknown. Following the statute in the matter, Judge Morrow held in said case that where it is averred that the names of the parties are unknown, some description of them must be given. The principle involved is clearly differentiated in the cases cited in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*