GRACE RATHERT V. THE STATE.

No. 16522. Delivered March 28, 1934.
Appeal Reinstated May 16, 1934.
Rehearing Denied June 13, 1934.

The opinion states the case.

*John J. Watts*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Keeping a place to store intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The appeal cannot be considered for the reason that it appears that appellant is on bail and the bail bond fails to comply with the statutory requirement that it contain not only the signature of the judge but also of the sheriff. See Art. 818, C. C. P., 1925; also Leal v. State, 17 S. W. (2d) 1064; Franks v. State, 42 S. W. (2d) 1016. In the present instance, the bond fails to contain the signature of the sheriff.

The State's attorney has, by motion, requested the dismissal of the appeal for the reason stated. In view of the condition of the record, the motion must be sustained.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The defect for which this appeal was dismissed, has been remedied. The appeal is re-instated, and the case considered on its merits.

Appellant did not testify or introduce evidence contradictory to that of the State witnesses who searched her house in Abilene on April 11, 1933, and affirmed on this trial that they found in her possession about 125 bottles of beer which was intoxicating, also evidences that beer was being sold at such place, which fact is supported by her admission to said officers that she was selling such beer.

There is but one bill of exceptions, whose complaint is of the fact that the trial court admitted evidence of what was found upon search of the house of appellant had under a search

warrant issued upon an affidavit which set out,—after a sufficient description of the house,—that said house was in possession and control of a "Person or persons whose name and further description and identity are unknown to affiants." Appellant objected because neither the name nor the description of such occupant and person in control was in the affidavit. Appellant cites and relies upon Tillery v. States, 114 Texas Crim. Rep., 106, 24 S. W. (2d) 844. This case is not in point. In Naulls v. State, 115 Texas Crim. Rep., 44, we upheld the admission of testimony of the result of a search had under a warrant based on an affidavit substantially the same as the affidavit which here appears. The holding in the Naulls case has been approved. See Denzlinger v. State, 116 Texas Crim. Rep., 158; Hoppe v. State, 55 S. W. (2d) 1054.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Appellant renews his contention that the affidavit upon which the search warrant issued was insufficient in not naming or describing the party whose premises were to be searched. It was stated in the affidavit that the name of the person in control of the property was unknown to the affiants and that "further description and identity" were unknown. In support of our holding that the affidavit was good we cite the following additional authorities. Anderson v. State, 114 Texas Crim. Rep., 448, 25 S. W. (2d) 839; Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211; Northam v. State, 66 S. W. (2d) 692.

Appellant misapprehends Hoppe v. State, 55 S. W. (2d) 1053. It is stated in the opinion in said case that if the affidavit had disclosed that the property to be searched was a private residence the affidavit would have been insufficient. This statement had no reference to the averment as to the name or description of the party whose premises were to be searched, nor to the description of the property, but to the absence of averments which are necessary where search of a private residence is sought.

The motion for rehearing is overruled.

*Overruled.*