C. C. RODERICK V. THE STATE.

No. 16775. Delivered June 20, 1934.
Rehearing Denied October 24, 1934.
Second Rehearing Denied November 7, 1934.
Reported in 75 S. W. (2d) 447.

The opinion states the case.

*T. B. Ridgell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, eighteen months in the penitentiary.

Officers, armed with a search warrant accurately describing the house whose search it directed, went to said house. Appellant was there, and as the officer approached said house appellant came out of the back door thereof with a crock of whisky in his hands which he proceeded to pour out in the presence of the sheriff, who testified it was whisky.

Appellant has ten bills of exception. Bill No. 1 complains of the "Refusal of appellant's objections to the court's charge," none of which objections are set forth in the bill. Bill No. 2 complains of the refusal of five special charges, none of which appear to be correct presentations of the law.

Bills of exception 3, 4, 5, 10 and 12 bring forward appellant's complaints of the reception of the testimony from the officers as to what they found upon search of appellant's house, and it is urged that the search was illegal because "It (referring to the search warrant) was not signed or certified by two parties as the law requires." We observe that the search warrant here was correctly signed by the magistrate. The affidavit upon which same was issued was not put before the court, but said issuing magistrate was offered as a witness on behalf of appellant, and testified that he did not know what had become of the affidavit, but that he did know there was a proper affidavit before him when he issued the warrant. We do not regard the fact that in making out the search warrant the magistrate omitted therefrom the initials of one of the two signers of the affidavit, would vitiate the warrant. Title 6 of our Code of Criminal Procedure definitely states the necessary contents of search warrants, and article 316, C. C. P., says: "A warrant to search a suspected place shall be sufficient if it contain the following requisites." And in naming same we find nowhere any such requisite as that the warrant name the person or persons upon whose affidavit same was issued. The statement appearing in Montalbano v. State, 116 Texas Crim. Rep., 242, that "the search warrant was verified by the affidavit of two witnesses," was evidently intended to mean that the affidavit for search warrant was so verified, and, therefore, was correctly issued under the facts of that case.

In bill of exceptions No. 4 appellant appears to have objected to testimony as to the result of the search made,—on the ground that the warrant directed the search of a house under the control and care of one Slim Smith, and that the testimony showed that the house searched was under the care of this appellant who claims his name to be Roderick. It appears from the testimony in this record that the trial court

overruled the objection on the further theory that there was before him testimony that appellant and Slim Smith were one and the same person. If the record justifies such conclusion, there would in no event be error which could be predicated upon this bill of exceptions. Examining the statement of facts, we note that Sheriff Morrow testified: "I know C. C. Roderick, sometimes called Slim Smith. I knew him as C. C. Roderick; I heard at times that he was called Smith. * * * I did not know who lived there. * * * I had a report that Slim Smith lived there. * * * had several reports that Slim Smith lived there. I can not tell who I heard call him Slim Smith; they were calling him Slim Smith there that afternoon." This witness further testified that he had no personal acquaintance with appellant, had never seen appellant or his wife but once before this occasion, and on said former occasion heard that appellant's name was Roderick. Officer Freeland testified that he had known appellant about a year; that they did not know they were going to find Roderick at the place they went to search; they had it that Slim Smith lived in that house; he did not know that Slim Smith was Roderick. He further testified "As I first said, I had information that Slim Smith lived there, and when I got there I found that this man Smith that I knew, was living there." Officer Paschal testified that when he went with the sheriff on the occasion in question he "Saw this man Slim Smith,—that was the only name I knew; he poured out a half gallon of whisky out of the back door. I heard him called Slim Smith."

Appellant did not testify or introduce his wife, or any other witness to show that he did not go by the name of Slim Smith, notwithstanding it was a fact peculiarly within his knowledge. The proof here is uncontroverted that appellant was called and known by the name of Slim Smith, hence in law that was his name. In Stokes v. State, 46 Texas Crim. Rep., 358, this court said: "Here the witness testified that she was sometimes called by her husband's name. The statute only requires that she be known by the name alleged in the indictment, and, where a person is known by two or more names, it shall be sufficient to state either name. Article 444, Code Crim. Proc. We take it that, where a wife is sometimes called by her husband's name, she is known by that name, and it is not necessary that she be commonly known by that name." See also Betts v. State, 57 Texas Crim. Rep., 389; Williams v. State, 53 S. W., 859. In article 401, C. C. P., it is expressly stated,—referring to indictments,—that "When a person is known by two or more names,

it shall be sufficient to state either name." We observe in regard to the matter before us that appellant made no objection at the time of the search to anything the officers did, nor did he advance the suggestion that the officers were not authorized to search the house of Roderick under a warrant directing search of the house of Smith. In Alford v. State, 8 Texas App., 562, it is said: "If the complaint and warrant had specified the accused as a person whose name was unknown, but who, for purposes of convenience, was styled John Smith, * * * then the warrant might have been available for the purposes intended." Be that as it may, we are of opinion that appellant was shown by uncontroverted testimony to be known by the name of Slim Smith, and that therefore there was no error in the admission of the testimony of a search of the house in question.

Appellant's bill of exceptions No. 7 shows no error in its complaint that appellant was refused permission to argue to the jury the illegality of the search warrant. Bill of exceptions No. 8 brings forward appellant's objection to the offer in evidence before the court of the search warrant for reasons stated. Same presents no serious ground of complaint. It was proper for the court to examine and pass on the search warrant. Bill of exceptions 11 purports to bring forward objection to testimony of the search of appellant's car, but sets forth no ground of objection nor reason why this court should hold the admission of the testimony erroneous.

The evidence appears amply sufficient to support the judgment, and same is accordingly affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined appellant's contention that under a warrant authorizing the search of Slim Smith's house the officers searched appellant's house. It seems plain from the statement of facts that appellant's real name was Roderick, but that he was also known as Slim Smith. The evidence on that point is shown in our original opinion. Under the circumstances we see no error in admitting evidence as to the result of the search of the house.

The motion for rehearing is overruled.

*Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION
FOR REHEARING.

MORROW, PRESIDING JUDGE.—Deeming the proper disposition of the case to have been made on the original hearing, the application for leave to file a second motion for rehearing is denied.

*Denied.*