JESS BRIGMAN v. THE STATE.

No. 17602. Delivered May 22, 1935.

The opinion states the case.

Forrester & Beene, of Wheeler, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully maintaining and assisting in maintaining a nuisance, and his punishment was assessed at confinement in the State penitentiary for a term of one year and one day.

The testimony adduced upon the trial shows that the officers of Wheeler County by virtue of search warrants obtained on three different dates went to appellant's home and searched it; that on each occasion they found some whisky and 3.2% beer. On one occasion they found 2½ pints of whisky and a number of empty bottles. On another occasion they found a fruit jar with about a teacup full of whisky. In addition to the finding of beer and whisky the testimony shows that quite a number of people would visit at appellant's home at all times of the day and night and when they came away they appeared to be under the influence of intoxicating liquor.

By bills of exception Nos. 1, 2, and 3 the appellant complains of the action of the trial court in permitting the State to prove by the sheriff, the deputy sheriff, and the constable who searched the appellant's home of the finding of whisky and the introduction of same as evidence because it was not shown that a proper affidavit for search warrants or that legal warrants had issued authorizing the search of appellant's premises, whereupon the court permitted the State to prove by the justice of the peace before whom the affidavits were made and by whom the search warrants were issued the contents of same, to all of which appellant objected because no proper predicate had been laid for the introduction of secondary evidence. The court qualified all of said bills of exception and in his qualifications states that the original search warrants by virtue of which the search was made were lost or misplaced and could not be found, and the court says that in his opinion a proper predicate had been laid. The bills as thus qualified fail to show any error.

Appellant's bill of exception No. 4 was also qualified by the court to the same effect as bills of exception Nos. 1, 2, and 3, to which qualification of the court the appellant then and there excepted, whereupon the court prepared and filed his own bill of exception. The bill of exception as thus drawn by the court and filed fails to show any error because it clearly appears from the bill of exception itself that the search warrants were lost and could not be found and that a proper predicate had been laid for the introduction of secondary evidence.

The appellant also complains of the action of the trial court in permitting the introduction of testimony by the officers of what they found as a result of the search of appellant's home and premises and the introduction of whisky found because the affidavits state that "affiants have good reason to believe and do believe that Jess Brigman does keep and is interested in keeping the premises above described for the purpose of storing, manufacturing, selling, transporting, receiving, delivering, bartering, and giving away intoxicating liquor in violation of the law." In the concluding part of the affidavits the facts are set forth upon which such belief is based, which we think is sufficient to show that probable cause existed to justify the issuance of the search warrant, and therefore overrule the appellant's contention. A similar question was before this court in the case of Ruhmann v. State, 22 S. W. (2d) 1069, in which this court disposed of the same in the following language: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged, is sufficient to constitute probable cause." See Denzlinger v. State, 116 Texas Crim. Rep., 158.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

Morrow, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.