JAMES H. PARRACK V. STATE.

No. 24683. March 1, 1950.
Rehearing Denied April 26, 1950.

*W. E. Martin,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the illegal possession of intoxicating liquor in a dry area and by the jury fined $100.00 and sentenced to 90 days in jail.

There is only one bill, of exception herein, and that relates to the search of appellant's one-room house in such county under a search warrant. The complained of portion of such warrant, among other things, is the description of the premises contained therein as follows:

"About a one room frame building, located at the back of Jack's Welding Shop, which is located at No. 625 Oak Street in Abilene, Taylor County, Texas, together with all automobiles, out buildings and premises pertaining thereto."

The occupants of such premises against whom the search warrant was directed were denominated as follows:

"Jack Mitcham *and or* party or parties whose name or names and whose description or descriptions are unknown to affiants."

We think that from this description as a one-room frame building located at the back of Jack's Welding Shop at 625 Oak Street, one could go to a certain place, which it seems the officers did, and there found 12 half-pints of whisky. It was shown that appellant was in possession of such house and that he was renting the same from Jack Mitcham. We think that this description was sufficient to direct the officers to the house in which the liquor was found. Ordinarily, the sufficiency of a description of the premises is a matter for the court. See Corley v. State, 150 Tex. Cr. R. 107, 199 S. W. (2d) 782.

Complaint is also made because such warrant merely stated that the occupancy of said one-room house was by "Jack Mitcham *and or* party or parties whose name or names and whose description or descriptions are unknown to affiants", which was claimed to be inadequate. Such a description was held to be sufficient in Elms v. State, 114 Tex. Cr. R. 642, 26 S. W. (2d) 211; Rathert v. State, 126 Tex. Cr. R. 484, 72 S. W. (2d) 276; Naulls v. State, 115 Tex. Cr. R. 44, 27 S. W. (2d) 180; Northam v. State, 125 Tex. Cr. R. 162, 66 S. W. (2d) 692; Hoppe v. State, 122 Tex. Cr. R. 440, 55 S. W. (2d) 1053; Siragusa v. State, 122 Tex. Cr. R. 263, 54 S. W. (2d) 1053.

The testimony herein shows that neither the name nor any description of the occupant of this house was known to the signers of the affidavit for the search warrant save that it was white people. The statute provides that if the name of the person whose premises are desired to be searched is unknown and a description of such person is unknown, then it is sufficient to so allege. See Art. 310, Vernon's Ann. Tex. C. C. P.

Complaint is also made because of the fact that the affidavit contains the statement that "the affiants have this day received information from credible citizens of Taylor County, Texas, that an alcoholic beverage containing alcohol in excess of one half of one per cent by volume is being kept, stored, possessed for the purpose of sale, and sold on, at and from the above described premises in violation of law, and we, the affiants, have reason to believe and do believe that the above is true and correct."

The testimony shows the finding of whisky at such place, and we are impressed with the fact that we judicially know that whisky is an alcoholic beverage and contains in excess of one half of one per cent by volume of alcohol. Article 666-3a, Vernon's Ann. P. C., defines "Alcoholic Beverage" as "alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted."

We see no error shown herein, and the judgment will therefore be affirmed.

Hawkins, P. J., absent.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The affidavit for the search warrant sought to search and the search warrant based thereon authorized the search of the private dwelling occupied by "Jack Mitcham and or party or parties whose name or names and whose description or descriptions are unknown to affiants."

The premises searched were occupied by appellant, and not by Jack Mitcham. Consequently, the sufficiency of the affidavit for search warrant must be tested as having been made to search a dwelling the occupant of which was unknown.

The bill of exceptions shows that no effort was made by the affiants to ascertain the name or description of the occupant of the premises desired to be searched.

Appellant insists that under the facts stated it was necessary that the affidavit describe the occupant or account for the failure to so describe, and, in failing so to do, was fatally defective and rendered ineffective the search warrant based thereon. In support of his contention, reliance is had upon the cases of Aguirre v. State, 109 Tex. Cr. R. 584, 7 S. W. 2d 76; Tillery v. State, 114 Tex. Cr. R. 106, 24 S. W. 2d 844.

These cases arose under what is known as the Dean Law, prohibiting, among other detailed acts, the sale of intoxicating liquor (Arts. 666-694, P. C., 1925), which was repealed by our present liquor control act. Art. 691 of the Dean Law authorized the issuance of search warrants under "Title 6 of the Code of Criminal Procedure," which is the general law relative to the issuance of search warrants.

Art. 316, C. C. P., which is a part of Title 6 of the Code of Criminal Procedure, provides, relative to the search of a suspected place, that the warrant "name the person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate." It was under this statute that the conclusion in the Tillery case, supra, was reached.

Under the present liquor control act, provision is made, by Art. 666-20, Vernon's P. C., for the issuance of search warrants under Title 6 of the Code of Criminal Procedure, and it is expressly provided that search warrants may be issued upon affidavit of a credible person "setting forth the name or description of the owner or person in charge of the premises to be searched, or *stating that his name and description are unknown,* the address or description of the premises, and showing that the described premise is a place where some specified phase or phases of this Act are violated or are being violated." (Emphases supplied.)

It is apparent, therefore, that under the provisions of our present liquor control act, a search warrant is valid which states that the name and description of the occupant or person in charge of the premises to be searched are unknown.

The instant affidavit and search warrant are in keeping with the provisions of the statute mentioned and are therefore not subject to the defect claimed.

Appellant takes the position that inasmuch as the affiants to the affidavit for search warrant had information that whisky was being unlawfully possessed in the house they should have described the same as whisky rather than by the general description of "alcoholic beverage"; that failure to do so rendered the affidavit insufficient under the legal proposition that the article to be seized in the search must be described "as near as may be." Art. 1, Sec. 9, Const. In other words, it is appellant's contention that when affiants to an affidavit for search warrant are in possession of a specific description of the property desired to be searched for and seized, the specific description must be used in the affidavit and warrant and a general description of the property will not suffice.

With this contention we do not agree. The term, "as near as may be," as used in the provision of the constitution mentioned, is to define and limit the powers of the searching officer by a description of that which is to be searched for and seized, and not to limit the property authorized to be taken in the search. A general description of the property to be searched for and seized is all that was required.

Whisky, being an alcoholic beverage, was within the definition of that term and could therefore be seized by the searching officer, along with all other alcoholic beverages found as a result of the search.

The motion for rehearing is overruled.

Opinion approved by the court.