**Jessie TREVINO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35899.**

Court of Criminal Appeals of Texas.

June 5, 1963.

Rehearing Denied June 29, 1963.

Reynold M. Gardner, Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, 90 years.

The undisputed evidence shows that in searching the residence of the appellant for stolen property, the officers found a glass jar containing a plant substance which upon analysis proved to be 8.05 grams of marihuana.

Appellant presents three grounds for reversal, the first two of which relate to the legality of the search.

The affidavit, upon information and belief, was to the effect that certain property therein described had been stolen from E. W. Daugherty by a person whose name and description was unknown and that the affiants had good reason to believe that said property was concealed by a person whose name and description was unknown on premises under his control located at 1208 East 11th Street in Plainview.

The affiants further swore in the affidavit: "Our belief of the foregoing is based upon the following facts: we have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizens of Hale County, Texas."

The affidavit was made a part of the search warrant which recites: " * * * and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant * * *."

■ Hernandez v. State, 158 Tex.Cr.R. 296, 255 S.W.2d 219; Luera v. State, 124 Tex.Cr.R. 507, 63 S.W.2d 699; Phillips v. State, 168 Tex.Cr.R. 463, 328 S.W.2d 873; and Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837, are authority for our holding that the affidavit was sufficient to show probable cause for the search and to sustain the magistrate's finding.

■ Appellant next contends that the affidavit did not describe the property alleged to have been stolen and concealed with sufficient particularity to identify it.

The affidavit described the property as "watch, stock certificates, television set, 4 suits, 2 electric blankets, 5 blankets and several throw rugs, electric clippers of the value of $300.00."

No authority is cited to support the appellant's position that the description of

said property was not sufficient to enable the executing officers to identify it.

Parrack v. State, 154 Tex.Cr.R. 532, 228 S.W.2d 859, is to the effect that a general description of the property searched for is all that is required.

See also Dupree et al. v. State, 102 Tex. 455, 119 S.W. 301.

The remaining complaint relates to the severity of the punishment assessed by the jury.

The punishment assessed, being within the limits authorized by the statute, was for the jury. Lambright v. State, 167 Tex.Cr.R. 96, 318 S.W.2d 653, and cases cited.

The judgment is affirmed.