**Wayne SPENCER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–091–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 28, 1983.

Patrick J. McGuire, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

Wayne Spencer was convicted of burglary and sentenced, as a habitual offender, to imprisonment for life in the Texas Department of Corrections. Because we find that the trial court should have granted the appellant's motion to suppress, we reverse.

■ Before we begin our discussion of the Fourth Amendment issue, we shall dispose of the ground of error (fourth ground) challenging the sufficiency of the evidence. Spencer contends that the State failed to prove that he did not have consent to enter the dwelling. The evidence shows that he was an employee of Big State Pest Control, which had a contract to exterminate in the Christy Estates Apartments in Corpus Christi. In his capacity as an employee of Big State, the appellant was provided with a master key in order to gain entrance to the apartments. The appellant borrowed the key and returned it on two separate occasions. The State attempted to show that he arranged for a duplicate key to be made. On their third day of work at Christy Estates, appellant and his co-worker were denied entry because residents had reported that some of their property was missing. Although the co-worker was permitted to borrow the key one more time, the appellant did not return to work there. Two days after Big State had ceased work at Christy Estates the appellant phoned his supervisor to inform him that he was quitting. Later that morning, a resident of Christy Estates found that $12,000.00 worth of jewelry and coins were missing from his apartment. The door was unlocked.

It is quite clear from the record that the appellant had consent to enter the apartments only to exterminate bugs in his capacity as an employee of Big State. It is equally obvious that he was neither exterminating bugs nor an employee of Big State on the date of the offense. We hold that the State did show lack of consent, and we overrule appellant's fourth ground.

In order to address the contention in appellant's first ground that the trial court erred in overruling the motion to suppress, we must refer to the affidavit in support of the search warrant and the statement of the informant, Curtis Robison. The property set out in the officer's affidavit is as follows: "Man's gold ring, square head, containing several stones appearing to be diamonds. 7 $2.00 bills. Man's watch, silver or stainless steel, Seiko brand. Smith and Wesson 4″ barrel .38 revolver." The only other information pertinent to this ground is the testimony of Sgt. Michael Walsh that the sworn statement of Robison is the only statement upon which the warrant was based.

■ The appellant directs our attention to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) and *Ramsey v. State*, 579 S.W.2d 920 (Tex.Cr.App. 1979), which address the situation of false statements by governmental agents in their

affidavits in support of search warrants. If the governmental affiant (usually a police officer, as in this case) makes false statements through deliberate falsehood or reckless disregard of the truth, the court must strike these statements from the affidavit and determine if the remainder meets Fourth Amendment requirements. *Franks,* supra 438 U.S. at 172, 98 S.Ct. at 2684–85; *Ramsey,* supra at 922–23.

 The appellant argues convincingly that the statement in the affidavit that "Curtis Robison gave affiant a sworn statement in which Robison stated that the above suspected subject showed *the above described stolen property* to him" is not true because the statement by Robison relates only that the appellant showed him "some rings and watches." Whether the police officer derived the detailed description of a ring and watch which appears in his affidavit from Robison or someone else is not apparent from the record. The source of any information about a gun is also unknown. There is no reference to a gun in the informant's statement nor does one appear in his trial testimony. The text of the affidavit itself makes it clear that the officer attests that Robison provided in his statement the description of the four articles. That Robison provided the description could not be so.

When we remove the false statement, we do not know the source of the description of the stolen property. The remaining information fails to show that the police officer has obtained reliable information from a credible person as required by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Since the officer had the informant's statement in his possession and since the affidavit distorts facts which are clearly critical to a finding of probable cause, we hold that the officer's assertion was made in reckless disregard of the truth. See *United States v. Martin,* 615 F.2d 318, 329 (5th Cir.1980). Therefore, the evidence obtained through the use of this warrant

should have been suppressed. Appellant's first ground is sustained.

The judgment of the trial court is reversed and the cause is remanded for a new trial.