**Wayne SPENCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 613–83.**

Court of Criminal Appeals of Texas, En Banc.

May 16, 1984.

**452**

Patrick J. McGuire, Corpus Christi, for appellant.

William B. Mobley, Jr., Former Dist. Atty. and Shannon E. Salyer, Former Asst. Dist. Atty., Grant Jones, Dist. Atty. and Ron Barroso, and Jeffery A. Babcock, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of burglary of a habitation. Punishment was assessed at life imprisonment under the mandatory authority of V.T.C.A. Penal Code, Sec. 12.-42(d).[1]

On direct appeal, the Corpus Christi Court of Appeals held that the trial court erred in failing to suppress evidence obtained in a search conducted pursuant to an invalid search warrant and reversed appellant's conviction. *Spencer v. State,* 653 S.W.2d 585 (Tex.App.—Corpus Christi 1983). The Court of Appeals found that the affidavit in support of the search warrant contained false statements made in reckless disregard of the truth and that those false statements must be struck from

the affidavit. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and *Ramsey v. State,* 579 S.W.2d 920 (Tex.Cr.App.1979). Without the false statements, the court found the remaining information to be insufficient to establish probable cause to issue a search warrant under the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The State, in its Petition for Discretionary Review, contends that the Court of Appeals incorrectly found the affidavit contained falsehoods. Furthermore, the State argues that in light of the United States Supreme Court's subsequent holding in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Court of Appeals improperly relied on the *Aguilar-Spinelli,* supra, rule. We granted the State's Petition in order to consider these arguments. We reverse the judgment of the Court of Appeals.

The record reflects that the appellant's apartment was searched and certain items were seized during the search which were admitted into evidence during the appellant's trial. This search was made pursuant to a search warrant which was based on an affidavit by a Corpus Christi police officer. The supporting affidavit alleged, in pertinent part, that:

"3. It is the belief of affiant, and he hereby charges and accuses, that said suspected party has possession of and is concealing at said suspected place the following described stolen property to wit:

Man's gold ring, square head, containing several stones appearing to be diamonds.

7 $2.00 bills

Man's watch, silver or stainless steel, Seiko brand

Smith & Wesson 4″ barrel .38 revolver

---

1. Sec. 12.42(d), as amended by the 68th Legislature, effective September 1, 1981, no longer requires a mandatory life sentence. The instant cause, however, was tried prior to the effective date of the amendment.

"4. Affiant has probable cause for said belief by reason of the following facts, to wit:

A subject named *Curtis Robison gave affiant a sworn statement in which Robison stated that the above suspected subject showed the above described stolen property to him,* Robison, on Monday, September 10, 1979, while Robison and Wayne Spencer were riding home from work. Wayne Spencer told Robison that the items were stolen property that he had just taken from apartments at the Christy Estates. Robison further stated that he observed Wayne Spencer put these items in his pocket and walk into the above suspected place." [2]

During the hearing on the motion to suppress, Robison's sworn statement was introduced into evidence. Robison stated that he and appellant were working as exterminators at an apartment complex when appellant told him that he had stolen things from various apartments while exterminating. Appellant, according to Robison, showed him "some rings and watches" that he had taken from some of the apartments, and gave him "6 or 7 two dollar bills that he had taken ... which he said was half of what he had taken." Nowhere in the statement does Robison mention a revolver nor specifically describe the jewelry nor state that he saw any other two dollar bills but those that the appellant gave to him.

**2.** All emphasis is supplied throughout by the author of this opinion unless otherwise indicated.

**3.** The only possible reference to any information which the affiant had other than the sworn statement from Robison came from the mouth of the prosecutor and not the affiant:

"Q. Specifically, on or about September 14, 1979, did you have an occasion to obtain a search warrant?
"A. Yes.
"Q. What was the basis for obtaining that warrant?
"A. A sworn statement from Curt Robison.
"Q. Who is Curt Robison?
"A. He is a co-worker of the Defendant, Wayne Spencer.
 * * * * * *
"Q. And you obtained this warrant or affidavit or search warrant on the basis of what this Curt Robison *told* you?

During the hearing, the affiant was questioned as to his "basis for obtaining that warrant" by both the State and appellant's attorney. He specifically testified several times that his information was derived from the "sworn statement from Curt [sic] Robison." He never mentioned any other source of information.[3] The State argues in its petition for discretionary review that "As this Court is well-aware, sworn statements made by witnesses do not constitute the complete substance of the conversation [s] [sic] engaged in by the party taking the statement and the witness who gives the statement." Although this is undoubtedly true, we fail to see how we can ignore the direct and uncontradicted testimony from the affiant that he based his affidavit solely on the *sworn* statement of Robison.

Robison, in his statement, never mentioned a revolver, nor did he mention seeing any two dollar bills in the appellant's possession other than those appellant had given to him, nor was there a specific description of the jewelry. Therefore, contrary to the affiant's direct testimony and his affidavit in support of the search warrant, Robison's statement could not have provided the information regarding the property.

 Accordingly, the affidavit in support of the search warrant falsely asserts

"A. Yes, sir.
"Q. Okay. Did Curt Robison give you a statement?
"A. Yes, sir, he did.
 * * * * * *
"A. This is the statement from Curt Robison that I took from him.
"Q. Is that what you based your search warrant on?
"A. Yes, sir.
 * * * * * *
"A. On the basis of the statement I wrote up the Search Warrant and took it before the Judge and signed it and executed it the same day."

Although the prosecutor, as shown above, asked if the affiant based his warrant on what Robison "told" him, it is obvious from the testimony as a whole that the affiant was referring only to the sworn statement, not to any previous discussion he had had with Robison.

that Robison's statement provided the critical particularized descriptions. If the affidavit was sworn to with knowledge that the information in the affidavit is false, or with reckless disregard of the truth of that information, those portions of the affidavit which are false are to be excised from the affidavit, and the remaining content is to be examined for sufficiency to support issuance of the warrant. *Franks v. Delaware,* supra; *Ramsey,* supra; *Hennessy v. State,* 660 S.W.2d 87 (Tex.Cr.App.1983). Since both the affidavit and the affiant's uncontradicted testimony stated that he based his information on Robison's sworn statement, we are constrained to conclude that appellant has established by a preponderance of the evidence that the statements in the affidavit were made with at least a reckless disregard of the truth of that information. See *Juarez v. State,* 586 S.W.2d 513 (Tex.Cr.App.1979). The false statements must be excised from the affidavit.

The Court of Appeals in the instant case concluded that the false statement which must be excised is *"Curtis Robison gave affiant a sworn statement in which Robison stated that [appellant] showed the above described stolen property to him."* The Court then held that when that false statement is removed "we do not know the source of the description of the stolen property. The remaining information fails to show that the police officer has obtained reliable information from a credible person as required by *Aguilar* ... and *Spinelli* ...." *Spencer,* supra at 587.

█ The State argues, however, that if any of the statements should be excised it should be only those parts of the description which falsely describe the property Robison claimed to have seen. We agree.

Accordingly, the property to be searched for would be a "ring" and a "watch." We find this description to be adequate under the circumstances of this case to establish

probable cause. *Trevino v. State,* 380 S.W.2d 118 (Tex.Cr.App.1963).

Our analysis makes a detailed discussion of the effect of *Illinois v. Gates,* supra, on *Aguilar* and *Spinelli,* supra, unnecessary. But see *Hennessy,* supra, and *Bellah v. State,* 653 S.W.2d 795 (Tex.Cr.App.1983).

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals to consider appellant's remaining grounds of error.

MILLER, Judge, dissenting.

I dissent to the holding of the majority that the description of a "ring" and a "watch" is sufficient to satisfy the particularity requirements of a search warrant.

The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the persons or things to be seized.*" [1]

See also Art. 1, Sec. 9, Tex. Const.; and Art. 18.01(b) & (c), V.A.C.C.P.

In *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927), the United States Supreme Court explained:

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

Although the language in *Marron* may suggest that the police may never seize an object unless it is named in the warrant, it is, of course, entirely proper for those objects which are found *in the course of a*

---

**1.** All emphasis is supplied throughout by the author of this opinion unless otherwise indicated.

*legitimate search* to be seized under some circumstances even though they are not specifically described in the search warrant, such as when the objects are found "in plain view". *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). For a search to be legitimate, however, the Constitution demands that the search warrant "particularly describ[e] the ... things to be seized."

This requirement, according to the United States Supreme Court in *Coolidge,* supra at 467, 91 S.Ct. at 2038, was intended to prevent a search which is deemed necessary and based on probable cause from becoming a "general, exploratory rummaging in a person's belongings."

In *Gonzales v. State,* 577 S.W.2d 226 (Tex.Cr.App.1979), cert. denied, 444 U.S. 853, 100 S.Ct. 109, 69 L.Ed.2d 71, this Court recognized that "[t]he requirements for a sufficiently particular description can vary according to the thing being described." Accordingly, when searching for an object which by reason of its very *character* is illegal, a specific description is often "unnecessary and ordinarily impossible." *Gonzales,* supra at 229; see also *Cagle v. State,* 147 Tex.Cr.R. 354, 180 S.W.2d 928 (1944). Thus, the courts are least demanding when the objects are contraband and a generic description often may be sufficient. 2 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment, Sec. 4.6, at 101 (1978 & Supp.1984).[2]

In contrast, however, where the purpose of the search is to find property, the *identity* of which is of concern, such as stolen property, the rule is that the property must be more particularly described so as to preclude the possibility of seizing any other. *Cagle,* supra; *Gonzales,* supra. This follows from the fact that when one is searching for specific property there is a need to distinguish between those things which are legitimately in the place to be searched and those things which are to be seized, unlike most situations involving contraband. Generic descriptions of such property, therefore, have generally been held sufficient only "when a more specific description of the things to be seized is unavailable." *United States v. Cook,* 657 F.2d 730 (5th Cir.1981), reh. denied, 664 F.2d 289; *United States v. Wuagneux,* 683 F.2d 1343 (11th Cir.1982), cert. denied, ——— U.S. ———, 104 S.Ct. 69, 78 L.Ed.2d 83; *United States v. Johnson,* 541 F.2d 1311 (8th Cir.1976); *Spinelli v. United States,* 382 F.2d 871 (8th Cir.1967), rev'd. on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Klein,* 565 F.2d 183 (1st Cir.1977).[3]

In light of the foregoing, it is impractical and dangerous to attempt to determine the sufficiency of the description of the things to be seized by simply referring to prior

**2.** See *James v. United States,* 416 F.2d 467 (5th Cir.1969), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87 (1970) ("gambling paraphernalia" sufficient); *Steele v. United States,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925) ("cases of whiskey" sufficient during prohibition period); *Gonzales,* supra, ("drugs or dangerous drugs ... being unlawfully kept and possessed" sufficient); *Cagle v. State,* 147 Tex.Cr.R. 354, 180 S.W.2d 928 (1944) ("implements used in ... The establishment and operation of a lottery, and the keeping and exhibiting of a policy game" sufficient).

**3.** In *Cook,* supra at 733, it was held that in light of the fact that the agents had a catalogue of "pirated motion pictures" which were on the premises to be searched, the warrant issued by the magistrate improperly used a generic term when it authorized the seizure of "cassettes on to which ... copyrighted films ... have been electronically transferred and recorded" and "illegally obtained films ... Not limited to the motion pictures described in the affidavit." See also, e.g., *United States v. Bright,* 630 F.2d 804 (5th Cir.1980) (serial numbers for United States currency not necessary when all of the serial numbers were not available); *United States v. Cortellesso,* 601 F.2d 28 (1st Cir.1979), cert. denied, 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 ("stolen goods ... in particular men's suits, sports jackets, women's boots, leather coats ..." sufficient since the affidavits "clearly established not only that a large collection of similar contraband was on the premises, thereby making it likely that the goods to be seized would be stolen goods, ... but also that *for all practical purposes the collection could not be precisely described* for the purpose of limiting the scope of the seizure," in that labels had been removed from some items and as to others only a generic description was known).

cases in which the same or similar descriptions have been used.

This is exactly where the majority errs in the instant cause. The only authority for the majority's holding that the description is sufficient is *Trevino v. State*, 380 S.W.2d 118 (Tex.Cr.App.1963). *Trevino*, however, was written over 20 years ago, prior to most of the cases which are cited throughout this opinion and which elucidate this issue. Moreover, *Trevino* refers only to *Parrack v. State*, 154 Tex.Cr.R. 532, 228 S.W.2d 859 (1950); and *Dupree et al. v. State*, 102 Tex. 455, 119 S.W. 301 (1909), as support for its holding that the description of a "watch, stock certificates, television set, 4 suits, 2 electric blankets, 5 blankets and several throw rugs, electric clippers of the value of $300.00" was sufficient. Both *Parrack* and *Dupree*, however, deal with the seizure of *contraband*, to wit: intoxicating liquors. As discussed earlier, the requirement of particularity in describing the things to be seized is particularly liberal when dealing with contraband. *Trevino* fails to adequately discuss the theories surrounding this issue and is suspect as authority.[4] The majority, in its reliance on *Trevino*, also errs in failing to adequately address the issues. No "formula" can satisfy the Fourth Amendment. Each search warrant must be individually examined according to the totality of its circumstances. *Illinois v. Gates*, — U.S. —, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

In the instant case, the search warrant originally contained particularized descriptions. The particularized descriptions, however, must be deleted from the warrant. The remaining description is generic and leaves much to be desired in the way of particularity. Moreover, according to the testimony of the affiant, he was in the process of investigating one of the burglaries of which the appellant was suspected at the time Robison, the informant, made the statement. It would appear that the routine burglary investigation upon which

the affiant was engaged would have yielded a more particularized description of the stolen items thought to be at appellant's apartment than a "watch" and a "ring." The facts to support the particularized descriptions should have been included in the warrant. It could easily be assumed that appellant, or any other citizen, might innocently have possessed a "ring" or a "watch" at his home. Therefore, I conclude that the warrant in question, after the false statements are excised, impermissibly authorized only a general search of appellant's home and was completely insufficient to establish probable cause. See *Marron*, supra; *Gonzales*, supra; 2 W. LaFave, supra at Sec. 4.6.

I would affirm the result of the Court of Appeals since under my analysis the trial court erred in failing to suppress the evidence seized during the illegal search. I dissent to the majority's holding to the contrary.

ODOM, CLINTON and TEAGUE, JJ., join this dissent.

---

**4.** We also note that *Trevino* was written a year before the Supreme Court's 1964 landmark holding in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which might have afforded the defendant some relief. *Ex parte Trevino*, 411 S.W.2d 361 (Tex.Cr.App. 1967).