

## NUMBER 13-10-00576-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GEORGE SIMMONS,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant, George Simmons, was convicted of unlawful possession of cocaine,
TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010), and sentenced to ten years'
imprisonment in the Texas Department of Criminal Justice—Institutional Division
(TDCJ). By five issues, which we renumber as three, Simmons argues the trial court

erred in (1) not vitiating the warrant despite its failure to comply with statutory requirements under the Code of Criminal Procedure, (2) admitting evidence during his punishment hearing of two previous illegal arrests that were previously dismissed and, (3) stacking Simmons's current sentence consecutively to his previous sentence instead of running them concurrently. We affirm as modifed.

## I. BACKGROUND

On April 15, 2009, Simmons was arrested for unlawful possession of cocaine with intent to deliver on Meandering Lane in Corpus Christi, Texas. Prior to his arrest, Corpus Christi Police Department Officers Robert Perez obtained a search and arrest warrant from a magistrate judge based on a tip from an unidentified informant. Pursuant to the search of the home on Meandering Lane, the officers found an unknown quantity of crack cocaine and a scale, which led to Simmons's arrest. During a pat-down following his arrest, officers found $1,460.00 in the pocket of Simmons's shorts. Officer Perez filed the return and inventory of the search and arrest warrant approximately eight months after Simmons's arrest.

Simmons complains of three alleged errors in the return warrant: (1) Officer Perez failed to record the quantity of cocaine found, (2) Officer Perez failed to record the scale in the inventory, and (3) Officer Perez erroneously listed a rifle in the inventory. Simmons also argued in his motion to suppress that the search and arrest warrant was void because it did not identify the specific municipal court judge as required by law. *See* TEX. CODE CRIM. PROC. ANN. art. 15.02 (West 2005)**.** The warrant only states, "Judge Corpus Christi, Nueces County, Texas" under the signature line.

2

The trial court overruled Simmons's motion to suppress and the proceedings continued. The State charged Simmons with possession of a controlled substance with intent to deliver, TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010), which was reduced to a possession of a controlled substance by the jury. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). During the punishment phase of the trial, the trial court overruled Simmons's objection requesting that the court ignore in the sentencing determination two of Simmons's previous arrests that were dismissed as illegal arrests. Simmons was sentenced to ten years' confinement in the TDCJ, to run consecutive with another unrelated sentence Simmons was serving at the time of the trial. This appeal followed.

## II. CHALLENGE TO WARRANTS

Simmons argues the search and arrest warrant authorizing in Simmons's arrest is invalid because of the three errors in the return inventory listed above, the unexplained delay between the execution and the return of the warrant, and the unclear identification of the municipal court judge that granted the warrant.

### A. Standard of Review and Applicable Law

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress, giving "almost total deference to a trial court's determination of historical facts" and reviewing de novo the court's application of the law of search and seizure. *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997).

Chapters 15 and 18 of the Texas Code of Criminal Procedure respectively set forth the necessary requirements for arrest and search warrants. Chapter 15 provides that: "It must be signed by the magistrate, and his office be named in the body of the

3

warrant, or in connection with his signature." TEX. CODE CRIM. PROC. ANN. art. 15.02 (West 2005). Article 18 provides that the search warrant must be "dated and signed by the magistrate" to be valid. TEX. CODE CRIM. PROC. ANN. art. 18.04 (West 2005). Article 18.06(A) requires that a peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. TEX. CODE CRIM. PROC. ANN. art. 18.06(A) (West 2005).

A combination search and arrest warrant is valid under Texas law. *Pecina v. State*, 516 S.W.2d 401, 403 (Tex. Crim. App. 1974). An arrest warrant incorporated within a search warrant is no different than an arrest warrant issued separate and independent of a search warrant. *Id.* Evidence observed during the execution of a lawful search warrant may give the police probable cause to arrest and search a suspect found in close proximity to the evidence. *Gish v. State*, 606 S.W.2d 883, 885 (Tex. Crim. App. 1980). Ministerial violations do not require suppression of the seized evidence absent a showing of prejudice, such as a challenge to the authenticity of the evidence seized or proof that such evidence was somehow changed. *Roberts v. State*, 963 S.W.2d 894, 903 (Tex. App.—Texarkana 1998, no pet.). An arresting officer's erroneous return on a warrant to the magistrate, or even the failure to make a return at all, will not vitiate the warrant. *Id.* at 904. A reviewing court should disregard a non-constitutional error that does not affect the substantial rights of the defendant. TEX. R. APP. P. 44.2. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Searches of a person and the area within his immediate control are excepted from the warrant requirement when incident to

4

lawful arrest. *Rogers v. State*, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989). Where an officer recklessly or knowingly includes false information in his application for a warrant, the remedy is to strike the false portions. *Spencer v. State*, 672 S.W.2d 451, 453 (Tex. Crim. App. 1984). As long as the search warrant was valid, the defendant must establish his standing before he can complain about search. *State v. Brady,* 763 S.W.2d 38, 42 (Tex. App.—Corpus Christi 1988, no pet.).

## B. Discussion

Simmons first argues that the warrant is void because of the erroneous inventory records in the return warrant. The errors made in the return and inventory of the warrant do not vitiate the warrant as long as the errors did not come as a surprise to the defendant. *Roberts*, 963 S.W.2d at 904. These particular errors were not constitutional errors because they did not have injurious effect in determining the jury's verdict. *See* TEX. R. APP. P. 44.2; *King*, 953 S.W.2d at 271. The omission of the scale and the amount of cocaine, if it had any effect at all, would have probably helped Simmons in the jury verdict as the jury charged him with the lesser-included offense of mere possession of controlled substances. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The officers subsequently admitted their mistakes on the erroneous entry of the rifle in the inventory during the witness testimony. The non-constitutional errors in the inventory, therefore, could not have adversely affected the defendant when the trial court acknowledged them prior to the jury verdict.

Simmons's second argument is that the delay in return vitiates the warrant that had already been executed. Although the statute states the warrant must be executed within a certain period of time after it has been signed by the magistrate judge, there is

5

nothing in the statutory language that directs how soon the warrant must be returned. *See* TEX. CODE CRIM. PROC. ANN. art. 18.06 (West 2005). The Court of Criminal Appeals stated in *Roberts* that even a failure to return the warrant does not vitiate the warrant, which implicitly removes any time limits on the return. *Roberts*, 963 S.W.2d at 903. Therefore, Simmons's second argument is without merit.

Finally, Simmons argues that the warrant did not meet the statutory requirement because the magistrate judge who issued the warrant could not be clearly identified from it, in violation of Texas Code of Criminal Procedure article 15.02. *See* TEX. CODE CRIM. PROC. ANN. art. 15.02 (West 2005). Based upon our review of the record, we conclude that an inference can be made from the designation "Judge, Corpus Christi, Nueces County, Texas" that the judge who signed the warrant was a municipal judge for the city of Corpus Christi. The Court agrees with the State that appending the title of a city next to the title "judge" clearly conveys that the judge's office is connected to the city, and the only logical and reasonable connection is that the judge is in fact a municipal judge of that city. Regardless of the implication, however, the lack of clear identification vitiates only the "arrest" part of the warrant, leaving the "search" portion valid because a type of warrant incorporated within the other type of warrant is not different from a warrant issued separately and independently. *Pecina,* 516 S.W.2d at 403. The search of the Meandering Lane property, which yielded the cocaine seizure, was authorized independently from the arrest warrant. According to *Gish*, evidence observed during the execution of a lawful search warrant may give the police probable cause to arrest and search a suspect found in close proximity to the evidence. *Gish*, 606 S.W.2d at 885. The only item produced following the actual arrest of Simmons was $1,460.00

6

from his pants pocket. Assuming without deciding the arrest portion of the warrant was void, the money is inadmissible as evidence but the cocaine is admissible because it was discovered during the initial search process. Officers could then rightfully arrest Simmons based on the discovery of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). Accordingly, Simmons's first issue is overruled.

### III. CHALLENGE TO PUNISHMENT EVIDENCE

By his second issue, Simmons asserts that the trial court should not have considered Simmons's previous two illegal arrests during the punishment hearing.

### A. Standard of Review and Applicable Law

The trial court acts as a fact finder in determining whether the extraneous offense evidence was proved beyond a reasonable doubt, which a fact finder must determine before it can properly consider that evidence in assessing punishment. *Ortega v. State*, 126 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). We review a trial court's decision to admit extraneous offense evidence during punishment for an abuse of discretion. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The Texas Code of Criminal Procedure states:

> Evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07 (West 2005). A reviewing court should disregard a non-constitutional error that does not affect the substantial rights of the defendant.

7

TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v.* State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

## B. Discussion

The Texas Code of Criminal Procedure clearly provides the trial court the authority to hear the previous illegal arrest records as long as it can be shown beyond a reasonable doubt that the crime or bad act has been committed by the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (West 2005). Even though a trial court can admit previous arrests, the State failed to prove beyond a reasonable doubt that the crimes had been actually committed by Simmons in the two arrests. The trial court, therefore, should not have considered these two arrests in Simmons's sentence. Although they were considered erroneously, Simmons must still prove this non-constitutional error significantly influenced the jury's verdict. *See* TEX. R. APP. P. 44.2. Error of admitting case summaries of prior offenses and disciplinary records is harmless and non-constitutional. *King*, 953 S.W.2d at 271. Likewise, the two arrest records out of Simmons's previous thirty-five arrest records filed under Texas Rules of Evidence 404(b) would only have a slight, if any, effect on jury's verdict. Despite the erroneous admission of the two previous illegal arrest records, we decline to reverse the trial court's ruling because it was a harmless error. Accordingly, Simmons's second issue is overruled.

8

## IV. CHALLENGE TO STACKING THE SENTENCES

By his third issue, Simmons argues that the trial court judge's oral cumulation order was ambiguous and thus must be void. Whereas the trial court judge orally ordered the sentence to run consecutively with another unspecific sentence, the written judgment has the two sentences running concurrently.

### A. Standard of Review and Applicable Law

The oral pronouncement of sentence controls if it conflicts with the written judgment. TEX. CODE CRIM. PROC. ANN. art. 42.01 (West 2005). Therefore, the written sentence should be reformed to reflect the record of the proceedings in the event of discrepancy. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). The Court of Appeals has authority to reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require. *Id.* A proper cumulation order must have the following: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was held; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Id.* at 461. A valid cumulation order specifically describes the previous conviction(s) and the order in which the sentences are to be served. *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). An appellate court uses a common sense interpretation of the order. *Stokes v. State*, 688 S.W.2d 539, 541–42 (Tex. Crim. App. 1985). The Texas Rules of Appellate Procedure allow this Court to modify judgments *sua sponte* to correct typographical errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex.

9

App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd).

## B. Discussion

Even though Simmons concedes that the Texas Code of Criminal Procedure article 42.01 states that the oral pronouncement controls when it varies from the sentences given in the written judgment, he argues that the oral pronouncement fails in this case because the trial court's articulation of sentencing was ambiguous and unclear with respect to which sentence would run consecutively with the present case.

Although orders containing less than the recommended elements of a cumulation order can be upheld, *see Banks*, 708 S.W.2d at 461, it must be clear which previous sentence the trial court was referring to in its order. *See San Migel*, 973 S.W.2d at 311. During the punishment phase, the trial court made an oral pronouncement to run the sentences consecutively but failed to specify the second case:

> After taking into consideration your past history and… all the evidence in this case, I'm gonna sentence you to ten years in the penitentiary. And these ten years are not gonna go concurrent… They're gonna run consecutive. So whatever you got on the other one is gonna be – I'm gonna add this ten to that. You're gonna have to serve that time, plus these ten.

The record shows, however, that the trial court was referring to cause No. 06-CR-3139-E, which involves a revocation of community supervision and subsequent sentencing for possession of a firearm by a felon. This judgment was admitted into evidence at Simmons's punishment hearing. Simmons was serving the two years of sentence from that previous case at the time of trial in this case. Therefore, we conclude that the trial court's written judgment improperly ordered Simmons's sentence to run concurrently with his possession of a firearm conviction. The Texas Rules of

10

Appellate Procedure allow this Court to modify judgments *sua sponte* to correct typographical errors and make the record speak the truth.  Tex. R. App. P. 43.2(b); *French*, 830 S.W.2d at 609; *Rhoten*, 299 S.W.3d at 356; *Gray*, 628 S.W.2d at 233.  Thus, we modify the judgment to correctly reflect the trial court's judgment to run the sentence consecutively with that from cause No. 06-CR-3139-E.  We overrule Simmons's third issue.

## V. Conclusion

We affirm the trial court's judgment as modified.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed the
27th day of June, 2013.